***********
The Full Commission reviewed the prior Order, based upon the record of the proceedings before Commissioner Mavretic and the Motions before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Order, except for minor modifications.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. This matter came before Commissioner Mavretic on defendant's Motion to Dismiss with Prejudice on May 19, 2008. Specifically, defendant moved to dismiss based on plaintiff's failure to name a negligent employee on his Affidavit and failure to name a state agency. *Page 2 
2. Plaintiff alleged in the Tort Claim Affidavit filed with the North Carolina Industrial Commission that on February 13, 2008, while a prisoner at Mecklenburg County Jail, he was dressed to be transferred to prison and all of his personal property was loaded on the bus to go with him; however, when the officials with the jail realized this transfer was a mistake, his personal property was not removed from the bus.
3. Defendant moved to dismiss Plaintiff's claim on several grounds, including: (1) lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the North Carolina Rules of Civil Procedure because the allegation of the affidavit, if taken as true, alleges intentional acts and/or constitutional violations by Mecklenburg County Jail, which is a department of the Mecklenburg County Sheriff's Office and not a department, institution, or agency of the state; (2) pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure because plaintiff failed to allege negligence on the part of a named employee of the Defendant required by N.C. Gen. Stat. § 143-291 and N.C. Gen. Stat. §143-297(2); and (3) pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure in that plaintiff has failed to allege any specific acts of negligence by any named employee of the defendants.
 ***********
Based upon the foregoing finding of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers the North Carolina Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. Plaintiff has failed to name such an agency of the State. Therefore, the Industrial Commission lacks jurisdiction over plaintiff's claim. *Page 3 
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. Plaintiff has failed to name an officer, employee, involuntary servant, or agent of the State upon whose negligence his claim is based. Plaintiff's Affidavit and argument at hearing fail to show negligence and any negligent acts by employees of defendant. N.C. Gen. Stat. § 143-297.
4. Considering plaintiff's allegations as true, plaintiff has failed to state a claim for negligence upon which relief can be granted. N.C. Gen. Stat. § 143-297.
 ***********
Based upon the foregoing Findings of Fact and Conclusion of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is hereby DISMISSED WITH PREJUDICE.
This the __ day of January, 2009.
S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 4 
 S/___________________ PAMELA YOUNG CHAIR *Page 1